1 | Paul Marron, Esq., State Bar No. 128245
Stephanie C. Lai, Esq., State Bar No. 242959
2 | MARRON & ASSOCIATES
111 W. Ocean Blvd., Suite 1925
3 | Long Beach, CA 90802
pmarron@marronlaw.com
4 | slai@marronlaw.com
phone  (562) 432-7422
5 | fax  (562) 432-8682
6
7 | Attorneys for Plaintiff
Dominick Fontaine
8

9 | UNITED STATES DISCTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | CV08-05659 PSG (Ex)

12 | Dominick FONTAINE,                          Case No.:

13 |              Plaintiffs,

14 |                                             **Assigned to Honorable Judge**

15 |        vs.

16 |                                             COMPLAINT FOR:
                                                1) DISCRIMINATION AND
17 | Washington Mutual Bank, Inc. and               HARASSMENT (IN VIOLATION OF
DOES 1 through 50, inclusive,                   42 U.S.C. 2000e, et. seq.)
18 |                     10                      2) RETALIATION (IN VIOLATION OF
                                                   42 U.S.C. 2000e, et. seq.)
19 |              Defendants.                    3) WRONGFUL TERMINATION (IN
                                                   VIOLATION OF 42 U.S.C. 2000e, et.
20 |                                                seq.)
                                                4) NEGLIGENT INVESTIGATION (IN
21 |                                                VIOLATION OF 42 U.S.C. 2000e, et.
                                                   seq.)
22 |                                             5) NEGLIGENT RETENTION AND
                                                   SUPERVISION (IN VIOLATION OF
23 |                                                42 U.S.C. 2000e, et. seq.)

     **DEMAND FOR JURY TRIAL**

24
25
26 | / / /
27 | / / /
28 |                                      1
         COMPLAINT AND DEMAND FOR JURY TRIAL

04576/2007-1400

# I.

## INTRODUCTION

1.  Plaintiff, Dominick Fontaine, brings this action to remedy pervasive and severe discrimination and harassment, including racial epithets and slurs by his supervisor, Robert Hosie, which he suffered in his employment with a home mortgage loan office of Defendant, Washington Mutual Bank.  Adding insult to injury, two weeks after Mr. Fontaine complained to Defendant's Human Resources office and his complaint was found to be substantiated, Mr. Fontaine was placed on written warning.  Thirty days later, Mr. Fontaine was terminated for the pretextual reason that he was not closing enough home loans.  Defendant's real reason for the termination was retaliation for Mr. Fontaine's complaint of racial discrimination and harassment.

# II.

## PARTIES

### A.  Plaintiff

2.  Plaintiff DOMINICK FONTAINE is, and at all times herein mentioned was:

    a.    a resident of Clark County, Nevada; and,

    b.    employed as a Loan Consultant in Defendant's Home Loan Center located at 6430 Sky Pointe Drive, Las Vegas, Nevada.

2

**COMPLAINT AND DEMAND FOR JURY TRIAL**

04576/2007-1400

3.  Plaintiff brings this action individually pursuant to TITLE VII OF THE CIVIL RIGHTS ACT OF 1964.

**B.  Defendant**

4.  Defendant WASHINGTON MUTUAL BANK, INC. (hereinafter "WAMU") is, and at all times herein mentioned was:

a.  a publicly-traded corporation organized under the laws of the State of Washington;

b.  licensed and registered to do business in the State of California;

c.  actually doing business in the County of Los Angeles, California;

d.  licensed and registered to do business in the State of Nevada; and,

e.  actually doing business in the County of Clark, Nevada.

5.  Defendant WAMU governed the Sky Pointe Drive office through Regional Supervisor Andrea Melchor and Branch Manager and Vice President, Robert Hosie.

6.  On information and belief, Defendant ratified, and is responsible for the actions of all its agents and supervisory and investigatory employees such as: Robert Hosie, Andrea Melchor, and John Kolusa.

3

**COMPLAINT AND DEMAND FOR JURY TRIAL**

7. The true names and capacities, whether individual, corporate, partnership, associate or otherwise of Defendant Does 1 through ~~50,~~ inclusive, 10 are unknown to PLAINTIFF who therefore sue these Defendants by such fictitious names pursuant to CALIFORNIA CODE OF CIVIL PROCEDURE § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through ~~50,~~ inclusive, when they are ascertained. 10

8. As used in this Complaint, "DEFENDANT" refers to Washington Mutual Bank, Inc. and all Doe Defendants inclusive.

## III.

## JURISDICTION AND VENUE

9. Jurisdiction is conferred upon this Court by *28 U.S.C. §1331, 28 U.S.C. §1343, 42 U.S.C. §1981,* and *42 U.S.C. §2000e et. seq.* Plaintiff has exhausted his administrative remedies by timely filing a charge of discrimination with the Equal Employment Opportunity Commission and obtaining a right to sue letter. A true ad correct copy of this right to sue letter is attached hereto as Exhibit "A" and hereby incorporated herein.

10. Venue is proper as Defendant maintains places of business in Los Angeles County, California.

/ / /

COMPLAINT AND DEMAND FOR JURY TRIAL

04576/2007-1400

# IV.

## DEFENDANT'S MISCONDUCT

11.  In August of 2006, DEFENDANT hired Mr. Fontaine to work as a

Loan Consultant in a home loan office located on Sky Pointe Drive in Las

Vegas, Nevada.  At this time, Mr. Fontaine had been successfully employed in

the home loan industry for the past six years.  Mr. Fontaine began work on

September 1, 2006.

12.  Plaintiff's race is African American and his skin color is black.

Plaintiff and another Loan Consultant, Michael Solomon, were the only African

Americans working in the Sky Pointe Drive office.

13.  Plaintiff's direct supervisor was DEFENDANT'S employee, Robert

Hosie. Robert Hosie's rank was Branch Manager and Vice President.  Mr.

Hosie's race is Caucasian.

14.  It was standard practice and procedure at DEFENDANT'S Sky Pointe

Drive office to hold a weekly "Accountability Meeting."  At each of these

meetings Hosie expressed concern that the entire office was underperforming.  It

was also standard practice and procedure that a bulletin board was visible to all

employees of the office.  On this bulletin board, Defendant posted all Loan

Consultant's progress such as: number of loans funded, and number of

applications taken.

5

04576/2007-1400

15.  Because of the weekly "Accountability Meeting" and the public review of his scores as compared to others' in his office, Mr. Fontaine considered himself an average performer.

16.  Mr. Hosie subjected Plaintiff to a constant barrage of racial epithets throughout his employment with Defendant.  Racially abusive comments were made on a daily basis towards Mr. Fontaine for approximately 50% of his employment with DEFENDANT.  Most outrageously, Mr. Hosie frequently touted his rank and race by making references to the slave ships used to bring Africans to the United States as slaves prior to slavery's abolition in the United States by saying:  ***"We gave you people a free boat ride over here, at least you could close some loans!"***  This statement was directed at Mr. Fontaine at least 10-12 times.

17.  The statement, ***"We gave you people a free boat ride over here, at least you could close some loans!"***  was neither made towards white employees, nor any other employees but Dominick Fontaine and Michael Solomon, both of whom are African Americans.

18.  When a female employee, Veronica Arrona, laughed at Mr. Hosie's epithets, Mr. Hosie told her:  ***"What are you laughing at, Spanish girl – you had to walk across!"***  Upon information and belief, Ms. Arrona is of Mexican descent.

6

COMPLAINT AND DEMAND FOR JURY TRIAL

04576/2007-1400

19.  Mr. Hosie also called Mr. Fontaine insulting names, including "***stupid***", "***jackass***", "***idiot***", and "***Mr. Peanut***."  Hosie did not call non African-American employees these names.

20.  Mr. Fontaine was insulted and humiliated by Mr. Hosie's constant racial epithets and slurs.  Mr. Fontaine attempted to maintain his dignity by objecting to Mr. Hosie's offensive remarks.  Whenever Mr. Hosie called Plaintiff by an offensive name, Plaintiff reminded him that "My name is Dominick."  Mr. Hosie replied:  "***Your name is whatever I say it is!***"

21.  Mr. Hosie's harassment and racially motivated epithets were so persistent and severe as to create a racially hostile and offensive working environment.  Plaintiff, is informed and believes and hereby alleges that it was Mr. Hosie's intention to discriminate against Mr. Fontaine because of the persistence and consistency of Mr. Hosie's displays of racial animus.

22.  After suffering this abuse for six months, on March 1st, 2007, Plaintiff complained to Andrea Melchor, an African American Regional Manager for Defendant.  After hearing Plaintiff's reports of Mr. Hosie's outrageous racial insults, Ms. Melchor asked Plaintiff if it was possible that Mr. Hosie was only joking.

23.  Plaintiff then complained to Defendant's Employee Resources office. In the first week of March, 2007, Defendant dispatched John Kolusa, Human

7

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Resources Manager from the Chatsworth California office, to investigate. Among other things, Mr. Kolusa interviewed all the employees about Plaintiff's complaint.

24.  On or about March 7th, 2007, Mr. Kolusa met with Plaintiff to review the findings of the investigation.  Mr. Kolusa told Plaintiff that ***his complaint was substantiated.***

25.  Shortly after March 7th, 2007, Plaintiff called Mr. Kolusa at Kolusa's Chatsworth office.  Mr. Kolusa told Plaintiff that he was "not privy to" what, if any, corrective action would be taken as a result of the substantiated report.  Mr. Kolusa ominously told Mr. Fontaine that DEFENDANT was "not in the business of going after its' own employees."  In short, Mr. Kolusa indicated that no corrective action would be taken in response to Mr. Hosie's actions and that the matter was concluded.

26.  ***One week after his report to Employee Resources***, on March 15th, 2007, Mr. Hosie served Plaintiff with a "Performance Improvement Notice."

27.  The Performance Improvement Notice accused Plaintiff of "unsatisfactory performance" in connection with Plaintiff's sale of home loans and mandated a "specific action plan."

28.  Plaintiff was ominously warned that:  "Failure to meet these requirements by April 13th, 2007 will result in termination of employment."

COMPLAINT AND DEMAND FOR JURY TRIAL

04576/2007-1400

29. At this point Mr. Hosie stopped speaking to Mr. Fontaine. His only comments directed at Mr. Fontaine were to sing "oh what a beautiful morning," at him. Mr. Fontaine perceived this song as a taunt because Mr. Fontaine's report to Employee Resources was unsuccessful, and Mr. Hosie had successfully set up the administrative procedures to terminate Mr. Fontaine.

30. In the Performance Improvement Notice, Mr. Fontaine was to have "$1 million in funded volume, Minimum of 3 loans funded, 7 applications taken and exported on Optis" This was a difficult goal to meet in the current economic climate and in less than one month.

31. At this time, the news of the impending crisis in the sub-prime home mortgage industry was being widely reported. The entire home loan sales team in Plaintiff's office was struggling to meet its goals in terms of the number of loans being written and funded. Yet Plaintiff was the only Loan Consultant who was given a Performance Improvement Notice.

32. On April 13th, 2007, Defendant terminated Plaintiff's employment for the pretextual reason of unsatisfactory performance. The true reason for Defendant's termination was retaliation for Plaintiff's complaints of racial discrimination and harassment.

33. As a precondition of filing this Complaint, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission

**COMPLAINT AND DEMAND FOR JURY TRIAL**

04576/2007-1400

on or about June 20th, 2007.  Plaintiff received a right to sue letter from the Equal Employment Opportunity Commission on or about June 27, 2008.

34.  In connection with Plaintiff's EEOC charge, Defendant launched a second investigation.  In early September, 2007, the employees in Plaintiff's former office were interviewed again.  As Michael Solomon was waiting in the conference room for his interview to begin, Mr. Hosie confronted him.  Mr. Hosie instructed Mr. Solomon in no uncertain terms to simply "***deny everything***."  Mr. Solomon replied that he was already on record as confirming that the racial statements had been made, and that he had to tell the truth.

35.  On September 12th, Mr. Solomon, together with three other home loan consultants, was terminated in what was disingenuously presented as a reduction in force.  However, the three other home loan consultants were immediately re-hired by Defendant.  As further evidence of Defendant's bad faith and discriminatory animus, Mr. Solomon was terminated for no reason other than his corroboration of Plaintiff's complaint and EEOC charge of racial discrimination and harassment.

## FIRST CAUSE OF ACTION:

## DISCRIMINATION & HARASSMENT IN VIOLATION OF *42 U.S.C. 2000e*

36.  Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1-35 as if fully rewritten herein.

10

**COMPLAINT AND DEMAND FOR JURY TRIAL**

04576/2007-1400

37.  By the foregoing conduct, Defendant subjected Plaintiff to ongoing racial discrimination and harassment throughout Plaintiff's employment.  Defendant's racial discrimination and harassment adversely impacted the terms, conditions and/or privileges of Plaintiff's employment.

38.  Defendant's racial harassment of Plaintiff was so persistent and severe as to create an objectively hostile and offensive work environment.

39.  Defendant intentionally singled out Plaintiff because of his race and color for disciplinary action and, ultimately, termination of his employment.

40.  By engaging in the above referenced actions and omissions, Defendant, violated Plaintiff's rights pursuant to *42 U.S.C. 2000e, et. seq.*

41.  The actions and omissions of Defendant constitute 'malice,' 'oppression' and/or 'fraud', and amount to 'despicable conduct' that was perpetrated with a willful and conscious disregard of Plaintiff's rights.

42.  As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered, and will continue to suffer, economic damages in earnings and other employment benefits in an amount according to proof.  Plaintiff has also suffered, and will continue to suffer, non-economic damages and emotional distress and general damages in an amount according to proof.

/ / /

/ / /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

04576/2007-1400

## SECOND CAUSE OF ACTION:

## RETALIATION IN VIOLATION OF *42 U.S.C. 2000e*

43.  Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1-42 as if fully rewritten herein.

44.  Plaintiff engaged in protected activity by making a complaint of racial discrimination and harassment.

45.  In retaliation for his complaint, Defendant singled out Plaintiff for materially adverse disciplinary actions, including a written performance warning, and ultimately termination of his employment.  There is a causal connection between Plaintiff's complaint and Defendant's decision to discipline and terminate Plaintiff .

46.  By engaging in the above referenced actions and omissions, Defendant, violated Plaintiff's rights pursuant to *42 U.S.C. 2000e, et. seq.*

47.  The actions and omissions of Defendant constitute 'malice,' 'oppression' and/or 'fraud', and amount to 'despicable conduct' that was perpetrated with a willful and conscious disregard of Plaintiff's rights.

48.  As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered, and will continue to suffer, economic damages in earnings and other employment benefits in an amount according to proof.  Plaintiff has also suffered,

**COMPLAINT AND DEMAND FOR JURY TRIAL**

04576/2007-1400

1   and will continue to suffer, non-economic damages and emotional distress and

2   general damages in an amount according to proof.

3

4                          **THIRD CAUSE OF ACTION:**

5        **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

6        49.  Plaintiff realleges and incorporates by reference the allegations in

7
8   Paragraphs 1-48 as if fully rewritten herein.

9        50.  At all times, the laws of the United States of America have incorporated

10  the public policies that prohibit discrimination, harassment and retaliation in

11
12  employment, as codified in *42 U.S.C. 2000e, et seq.*  These public policies of the

13  United States of America are intended to protect all employees and to promote the

14  welfare of the community at large.

15

16       51.  By the foregoing conduct, Defendant subjected Plaintiff to ongoing racial

17  discrimination and harassment throughout Plaintiff's employment.  Defendant's

18
19  racial discrimination and harassment adversely impacted the terms, conditions

20  and/or privileges of Plaintiff's employment.

21       52.  Defendant's racial harassment of Plaintiff was so persistent and severe as

22
23  to create an objectively hostile and offensive work environment.

24       53.  Defendant intentionally singled out Plaintiff because of his race and color

25  for termination of his employment.

26

27

28                                      13

04576/2007-1400

54. By engaging in the above referenced actions and omissions, Defendant violated Plaintiff's rights in contravention of the public policies of the United States of America, including but not limited to the public policies codified in *42 U.S.C. 2000e, et seq.,* and the laws and regulations promulgated thereunder.

55. The actions and omissions of Defendant constitute 'malice,' 'oppression' and/or 'fraud', and amount to 'despicable conduct' that was perpetrated with a willful and conscious disregard of Plaintiff's rights.

56. As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered, and will continue to suffer, economic damages in earnings and other employment benefits in an amount according to proof. Plaintiff has also suffered, and will continue to suffer, non-economic damages and emotional distress and general damages in an amount according to proof.

## FOURTH CAUSE OF ACTION:

## NEGLIGENT INVESTIGATION

57. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1-56 as if fully rewritten herein.

58. Defendant had a legal mandate, pursuant to *42 U.S.C. 2000e et seq.* and the laws and public policies of the United States of America, to provide a workplace free of discrimination, harassment and retaliation based on race. Upon receiving Plaintiff's complaints, Defendant owed a legal duty to conduct a prompt, thorough

14

04576/2007-1400

investigation and to take corrective action if the complaints were found to be substantiated.

59.  By the foregoing actions and omissions, Defendant breached its duty to Plaintiff by not taking all reasonable steps to prevent discrimination in the workplace.

60.  The actions and omissions of Defendant constitute 'malice,' 'oppression' and/or 'fraud', and amount to 'despicable conduct' that was perpetrated with a willful and conscious disregard of Plaintiff's rights.

61.  As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered, and will continue to suffer, economic damages in earnings and other employment benefits in an amount according to proof.  Plaintiff has also suffered, and will continue to suffer, non-economic damages and emotional distress and general damages in an amount according to proof.

## FIFTH CAUSE OF ACTION:

## NEGLIGENT RETENTION AND SUPERVISION

62.  Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1-61 as if fully rewritten herein.

63.  Defendant had a legal mandate, pursuant to *42 U.S.C. 2000e et seq.* and the laws and public policies of the United States of America, to provide a workplace free of discrimination, harassment and retaliation based on race.

15

COMPLAINT AND DEMAND FOR JURY TRIAL

04576/2007-1400

64.  Defendant breached this duty by hiring, supervising and retaining Robert Hosie as Vice President and Branch Manager of Defendant's Home Loan Center, despite the fact that Mr. Hosie openly and notoriously directed despicable acts of discrimination, harassment and retaliation against Plaintiff based upon his race. Defendant further breached this duty by failing to take appropriate action against Mr. Hosie once it found Plaintiff's complaints to be substantiated.

65.  The actions and omissions of Defendant constitute 'malice,' 'oppression' and/or 'fraud', and amount to 'despicable conduct' that was perpetrated with a willful and conscious disregard of Plaintiff's rights.

66.  As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered, and will continue to suffer, economic damages in earnings and other employment benefits in an amount according to proof.  Plaintiff has also suffered, and will continue to suffer, non-economic damages and emotional distress and general damages in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment for himself against Defendant, as follows:

1.  For economic damages in an amount to be proven from the evidence adduced at trial, with a minimum amount in controversy in excess of $25,000;

2.  For non-economic damages according to proof;

16

COMPLAINT AND DEMAND FOR JURY TRIAL

04576/2007-1400

3.     For a preliminary and permanent injunction barring Defendant from engaging in discrimination, harassment and retaliation based upon race, and mandating that Defendant take whatever corrective action the Court deems appropriate according to proof;

4.     For pre-judgment interest;

5.     For an award of exemplary and punitive damages according to proof;

6.     For reasonable attorneys' fees pursuant to *42 U.S.C. 2000e et. seq.* and *42 U.S.C. 1988;*

7.     For costs of suit herein incurred;

8.     And for such other relief as the court deems proper.

Dated: 8/28/2008              MARRON & ASSOCIATES

By: _____
Paul Marron, Esq.
Stephanie C. Lai, Esq.
Attorneys for Defendants

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: 8/28/2008              MARRON & ASSOCIATES

By: _____
Paul Marron, Esq.
Stephanie C. Lai, Esq.
Attorneys for Defendants

COMPLAINT AND DEMAND FOR JURY TRIAL

04576/2007-1400

**EXHIBIT A**

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Dominick Fontaine
6417 Addely Dr.
Las Vegas, NV 89108

From: Las Vegas Local Office
333 Las Vegas Blvd South
Suite 8112
Las Vegas, NV 89101

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2007-00549 | Parsonna M. Russell, Office Automation Asst | (702) 388-5013 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Lucy V. Orta*

Lucy V. Orta,
Director

JUN 27 2008
(Date Mailed)

Enclosures(s)

cc:   WASHINGTON MUTUAL
6430 Sky Pointe
Las Vegas, NV 89131