**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14 / JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5659 PSG (Ex) | Date | April 30, 2009 |
|---|---|---|---|
| Title | Dominick Fontaine v. Washington Mutual Bank, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order Granting Defendant's Motion to Transfer Venue to the District of Nevada – Las Vegas**

Pending before the Court is Defendant's Motion to Transfer Venue. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving papers, the Court hereby GRANTS Defendant's Motion.

I.   Background

This action concerns the alleged discrimination and harassment Dominick Fontaine ("Plaintiff") suffered while working as a loan consultant for Washington Mutual Bank ("WaMu") at WaMu's Home Loan Center located at 6430 Sky Pointe Drive, Las Vegas, Nevada (the "Sky Pointe Drive Office"). According to Plaintiff, his direct supervisor, Robert Hosie ("Hosie"), subjected him to a barrage of racial epithets throughout his employment with WaMu. Hosie also allegedly called Plaintiff, who is African-American, various other insulting names, such as "stupid" and "jackass," yet did not call non African-American employees these same names.

After enduring this abuse for six months, Plaintiff complained to Andrea Melchor ("Melchor"), a regional manager for WaMu. Subsequent to that, Plaintiff complained to WaMu's Employee Resources office. Eventually, WaMu dispatched John Kusulas ("Kusulas"),[1] a human resources manager from its Chatsworth, California office, to investigate Plaintiff's complaints.

---

[1] Kusulas is mistakenly identified as "John Kolusa" in Plaintiff's Complaint.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14 / JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5659 PSG (Ex) | Date | April 30, 2009 |
|---|---|---|---|
| Title | Dominick Fontaine v. Washington Mutual Bank, Inc. | | |

Approximately one week after Plaintiff filed his complaint with Employee Resources, Hosie served Plaintiff with a "Performance Improvement Notice." According to this notice, Plaintiff's performance was "unsatisfactory." The notice also mandated a "specific action plan" that Plaintiff was to follow to improve his performance. According to Plaintiff, while the entire home loan sales team at his office was struggling to meet corporate goals concerning the number of loans being written and funded, Plaintiff was the only employee to receive a Performance Improvement Notice.

About half a month after Plaintiff first complained of Hosie's behavior to Melchor, WaMu terminated Plaintiff's employment on the ground that his performance was unsatisfactory. Believing that this asserted reason was pretextual and that his termination was in fact retaliation for his complaints of racial discrimination and harassment, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). WaMu, in connection with Plaintiff's EEOC charge, commenced a second investigation into this matter, during which WaMu interviewed certain employees in Plaintiff's former office. One of the employees that WaMu interviewed was Michael Solomon ("Solomon"), a man who, while waiting in a conference room for his interview to begin, was allegedly confronted by Hosie. Hosie instructed him to "deny everything." Solomon, however, replied that he had already confirmed that Hosie had made certain racial statements, and that he would be truthful during the interview.

On August 28, 2008, Plaintiff filed the instant action in this Court. In his complaint, Plaintiff asserts five causes of action, all of which fall under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e: discrimination and harassment, retaliation, wrongful termination, negligent investigation, and negligent retention and supervision. Presently, JPMorgan Chase Bank, N.A. ("Defendant"), as acquirer of certain assets and liabilities of WaMu from the Federal Deposit Insurance Corporation acting as receiver, seeks a transfer of venue "for the convenience of the parties and witnesses" to the United States District Court for the District of Nevada – Las Vegas.

II.     Legal Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As the Ninth Circuit explained in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), in analyzing whether a motion to transfer is appropriate under 28

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14 / JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5659 PSG (Ex) | Date | April 30, 2009 |
|---|---|---|---|
| Title | Dominick Fontaine v. Washington Mutual Bank, Inc. | | |

U.S.C. § 1404(a), district courts should weigh multiple factors, including the following factors derived from the *forum non conveniens* context:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99.

The burden is on the moving party to show that transfer is appropriate. *See Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir. 1979); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1155 (S.D. Cal. 2005). Because the analysis involved is "flexible and individualized," the district court has broad discretion in deciding a motion for transfer of venue. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988). Despite this wide latitude, a defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).[2]

III. Discussion

Pursuant to 28 U.S.C. § 1404(a), Defendant moves to transfer venue to the District of Nevada. Put simply, Defendant argues that this lawsuit has no material connection to California because the relevant events giving rise to Plaintiff's claims occurred in Nevada, Plaintiff himself is currently residing in Nevada, and most material witnesses are located in Nevada.

    A.    Propriety of Venue in the District of Nevada

---

[2] Defendant argues that it need not make a "strong showing of inconvenience" in order for the Court to grant the motion to transfer. But on this point Defendant is wrong. In *Decker Coal Co.*, the Ninth Circuit clearly stated that "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Id.* Granted, though, a lesser showing of inconvenience is required to upset plaintiff's choice on a motion to transfer pursuant to 28 U.S.C. § 1404 than is required on a motion to dismiss on the grounds of *forum non conveniens*. *Amazon .com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005) (citing *Norwood v. Kirkpatrick,* 349 U.S. 29, 42, 75 S. Ct. 544, 99 L. Ed. 789 (1955)).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14 / JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5659 PSG (Ex) | Date | April 30, 2009 |
|---|---|---|---|
| Title | Dominick Fontaine v. Washington Mutual Bank, Inc. | | |

The Court begins its analysis by first determining whether this action "might have been brought" in the potential transferee court, the District of Nevada.  *See* 28 U.S.C. § 1404(a); *see also Hoffman v. Blaski*, 363 U.S. 335, 343-44, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960); *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir. 1985).  The transferee court must have had complete personal jurisdiction over defendants, subject matter jurisdiction over the claim, and proper venue had the claim originally been brought in that court.  *See Hoffman,* 363 U.S. at 343-44.

Here, it is undisputed that the District of Nevada satisfies all three of these requirements.  This action concerns WaMu's allegedly unlawful employment practices that occurred in Nevada while WaMu was conducting business in that State.  Thus, undoubtedly Nevada has personal jurisdiction over WaMu and, by extension, Defendant.  *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472-73, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (explaining specific jurisdiction).  The transferee court also has subject matter jurisdiction over this federal claim.  *See* 28 U.S.C. § 1331.  Lastly, venue in the District of Nevada is proper under 42 U.S.C. § 2000e-5(f)(3), which provides that a Title VII action may be brought "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed . . . ."  Accordingly, the decision to transfer depends upon the convenience of the parties and witnesses and the interests of justice.

      B.      <u>An Individualized Determination of Convenience and Fairness</u>

Once a court determines that an action "might have been brought" in the potential transferee court, the court must make an "individualized, case-by-case determination of convenience and fairness," taking into consideration those factors articulated in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495.  *See id.* at 498.

            1.      <u>Convenience of the Witnesses</u>

The Court first considers the convenience of the witnesses, which courts often recognize as the most important factor to be considered in ruling on a motion to transfer under 28 U.S.C. § 1404(a).  *State Street Capital Corp. v. Dente,* 855 F. Supp. 192, 197 (S.D. Tex. 1994).  Importantly, "[w]hile the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor."  *Aquatic Amusement Associates, Ltd. v. Walt Disney World Co.,* 734 F. Supp. 54, 57 (N.D. N.Y. 1990) (internal citation omitted).   In determining whether this factor weighs in favor of transfer, the court must

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#14 / JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 08-5659 PSG (Ex) | Date | April 30, 2009 |
|---|---|---|---|
| Title | Dominick Fontaine v. Washington Mutual Bank, Inc. | | |

consider not simply how many witnesses each side has and the location of each, but, rather, the court must consider the importance of the witnesses. *State Street Capital Corp.,* 855 F. Supp. at 198; *see also Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1335-36 (9th Cir. 1984) (analyzing this factor in a *forum non conveniens* case). In other words, this factor necessitates both a quantitative and qualitative analysis.

From a qualitative standpoint, the most relevant witnesses in this case are Plaintiff, the alleged victim, Hosie, the alleged discriminator and harasser, Kosulas, the WaMu investigator, and Solomon, who supposedly witnessed the discrimination and harassment. Plaintiff has admitted that he currently resides in Nevada. *Compl.* ¶ 19. And while Kosulas' last known address places him in Colorado, *see Burman Decl.* ¶ 2, Hosie's and Solomon's last known addresses place them in Nevada. *Id.* Other witnesses who may provide meaningful testimony include Melchor, who resides in Arizona, *id.* at ¶ 3, Veronica Arrona ("Arrona"),[3] who resides in Nevada, *id.*, and two other women who worked with Plaintiff at the time of the allegedly unlawful incidents: Stacy Bott ("Bott") and Dana Keuning ("Keuning"). Both parties concede that Bott currently lives in Washington and that Keuning splits time between Florida and Nevada.

Plaintiff takes issue with the fact that most of Defendant's knowledge is based on business records that are potentially two years old.[4] Thus, Plaintiff argues, Defendant has failed to carry its burden that certain witnesses, particularly Hosie and Solomon, currently reside in Nevada. However, the Court is not persuaded. Granted, some people move from one state to another capriciously and frequently. However, there is nothing in the record that indicates that Hosie and Solomon are particularly transient, either by nature or in practice. Nor is there anything in the record that would cast doubt on the veracity of the records relied on by Defendant or the submitted testimony.

On balance, the Court finds that the majority of the material witnesses who would provide

---

[3] According to Plaintiff, Arrona, like himself, was subjected to race-based demeaning remarks while working at the Sky Pointe Drive Office. *See Compl.* ¶ 18.

[4] Plaintiff initially took issue with Defendant's argument on two different grounds. In addition to arguing that the passage of time made Defendant's knowledge untrustworthy, Plaintiff also argued that Defendant failed to produce any records to substantiate its claim that certain former employees lived in Nevada. Defendant responded to Plaintiff's latter argument by timely submitting the declaration of Marilyn A. Burman, the current Regional Manager, Employee Relations for Defendant. The testimony contained therein, which is based on a review of Defendant's company records, substantiates Defendant's claims.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14 / JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5659 PSG (Ex) | Date | April 30, 2009 |
|---|---|---|---|
| Title | Dominick Fontaine v. Washington Mutual Bank, Inc. | | |

the most meaningful testimony in this case reside in Nevada. Presumably, it would be more burdensome on these witnesses if the action was litigated in a foreign state than if it was litigated in their home state. For that reason, the Court finds that this factor weighs in favor of transfer.

        2.        The Location Where the Relevant Agreements Were Negotiated and Executed

This factor is not relevant in this case.

        3.        The State That Is Most Familiar with the Governing Law

In determining whether to transfer a case, the Ninth Circuit has directed courts to consider the state that is most familiar with the governing law. *Jones*, 211 F.3d at 498. However, where, as here, Plaintiff's claims for relief are based on federal law, both courts are presumably equally familiar with the governing law. *Williams v. Granite Constr. Co.*, 2009 WL 250104, at *4 (N.D. Cal. 2009). Thus, this factor does not weigh in either side's favor.

        4.        Plaintiff's Choice of Forum

Ordinarily, "great weight" is accorded to plaintiff's choice of forum. *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987) (citation omitted). However, in judging the weight to be accorded to a plaintiff's choice of forum, a court must consider the extent of both the plaintiff's and the defendant's contacts with the forum, including those relating to the plaintiff's cause of action. *Id.* (citation omitted). "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." *Id.*

Defendants argue that the Court should give Plaintiff's choice of venue little deference. The Court agrees. Put simply, this action is largely, if not wholly, comprised of employment-related conduct directed at a Nevada resident while he was employed in Nevada. The allegedly unlawful racial discrimination and harassment, as well as the alleged unlawful termination, all occurred at the Sky Pointe Office, which is located in Nevada. *See Compl.* ¶¶ 16, 19. Additionally, Plaintiff made all of his complaints while in Nevada. *See id.* at ¶¶ 22-23. The only connection Plaintiff's claims seem to have with California is that WaMu dispatched an investigator from California to conduct an internal investigation into Plaintiff's complaints. *Id.* at ¶ 23. However, the complaint suggests that this investigation primarily (if not entirely) took place in Nevada. *See id.* at ¶¶ 23-24. Thus, the connection between California, on the one hand,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#14 / JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5659 PSG (Ex) | Date | April 30, 2009 |
|---|---|---|---|
| Title | Dominick Fontaine v. Washington Mutual Bank, Inc. | | |

and the parties and the action, on the other hand, is attenuated at best. For that reason, the Court declines to accord Plaintiff's choice of venue great weight. *Lou*, 834 F.2d at 739.

        5.    <u>The Respective Parties' Contacts with the Forum, and the Contacts Relating to the Plaintiff's Cause of Action in the Chosen Forum</u>

The Ninth Circuit has also directed courts to consider the respective parties' contacts with the forum, and the contacts relating to the Plaintiff's cause of action in the chosen forum. *Jones*, 211 F.3d at 498. As noted above, any connection this case has with California is attenuated at best. From a quantitative standpoint, very few of Plaintiff's five claims even concern the parties' contacts with California. From a qualitative standpoint, the contacts that are most relevant to this case all occurred in Nevada. Therefore, these two factors weigh in favor of transferring the case to Nevada.

        6.    <u>The Differences in the Costs of Litigation in the Two Forums</u>

The Court fails to see how litigating this case in Nevada will cost more than litigating this case in California. If anything, litigating this case in Nevada should cost Plaintiff less money. After all, he currently resides in Nevada. Presumably, then, he will incur less travel expenses if he litigates his case in his home state. Moreover, as noted above, most material witnesses reside in Nevada. Therefore, witness costs will presumably decrease if this action is litigated in Nevada. Even assuming that certain relevant documents are in California, as Plaintiff believes is the case, in light of current technology and transportation, certainly the costs of sending documents from California to Nevada cannot be an issue.

Based on the foregoing, the Court finds that this factor weighs in favor of transfer.

        7.    <u>The Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses</u>

Courts also consider "the availability of compulsory process to compel attendance of unwilling non-party witnesses." *Jones,* 211 F.3d at 498-99. Certain material witnesses are no longer employed by Defendant but still live in Nevada.[5] Thus, in order to compel their attendance, the Court will need to rely on its subpoena power. However, with rare exception, the Court's subpoena power only extends outside of this district if the place of service is "within 100

---

[5] These witnesses are Hosie, Keuning, and Solomon. *See Burman Decl.* ¶ 2.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14 / JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5659 PSG (Ex) | Date | April 30, 2009 |
|---|---|---|---|
| Title | Dominick Fontaine v. Washington Mutual Bank, Inc. | | |

miles of the place specified for the deposition, hearing, trial, production or inspection." Fed. R. Civ. P. 45(b)(2). Thus, if the action remains in California, there is an increased chance that certain material non-party witnesses may be outside the Court's subpoena power. However, if this action is transferred to the District of Nevada, this problem is significantly minimized.[1] Therefore, this factor weighs in favor of transferring the case to Nevada.

### 8. The Ease of Access to Sources of Proof

The last factor articulated by the Ninth Circuit in *Jones* is the ease of access to sources of proof. As noted above, many material witnesses are located in Nevada. And even assuming that certain relevant documents are located in California, those documents should be accessible with relative ease regardless of whether the parties are in Nevada or California. Therefore, this factor weighs in favor of transfer, albeit only slightly.

### 9. Relative Docket Congestion

Some courts also consider the relative congestion of the transferor court's docket to that of the transferee court. *See, e.g., Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995). Defendants argue that the relative congestion of the Court's docket favors transfer to the District of Nevada. And indeed it does. In 2008, there were 578 weighted filings per judge in the Central District of California. *See* http://www.uscourts.gov/cgi-bin/cmsd2008.pl. In comparison, there were only 465 weighted filings per judge in the District of Nevada. *Id.* Given the larger number of weighted filings, it should come as no surprise that the Central District of California has a much larger number of cases that are three years old or older than does the District of Nevada. *Id.* (demonstrating that 8.1% of cases in the Central District are over three years old, as compared to just 5.7% of cases in Nevada). Accordingly, this factor weighs in favor of transfer.

### 10. Conclusion

In summary, considering, inter alia, the location of the parties, the location of the witnesses the parties have identified and the importance of their testimony, and other factors such as the administrative difficulties resulting from court congestion, the Court concludes that

---

[1] It appears that certain material non-party witnesses (e.g., Kusulas who lives in Colorado) may remain outside of a district court's subpoena power, regardless of whether the case is tried in California or Nevada.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#14 / JS-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-5659 PSG (Ex) | Date | April 30, 2009 |
|---|---|---|---|
| Title | Dominick Fontaine v. Washington Mutual Bank, Inc. | | |

Defendant has met its burden of demonstrating that a transfer is warranted "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

IV.     Conclusion

Based on the foregoing, the Court GRANTS Defendant's motion to transfer, and this case is therefore TRANSFERRED to the United States District Court for the District of Nevada – Las Vegas. The Clerk shall close the file and notify the Clerk of Court in that district.

**IT IS SO ORDERED.**